**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 4:20-cv-00521-JAR |
| v. | ) |
| | ) |
| DEANNA D. PISKULIC et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

**I.    Background**

This matter is before the Court on Plaintiff's motion for preliminary injunction. (Doc. No. 10). This action was initiated by the Government on April 13, 2020, in order to reduce to judgment seven federal trust fund recovery penalties assessed against Defendant Deanna D. Piskulic. On June 24, 2020, the Government filed an amended complaint adding a claim seeking to foreclose federal tax liens totaling over a million dollars against a piece of real property located at 1040 Vogel Estates Lane, Arnold, Missouri 63010 in Jefferson County, Missouri (hereinafter, the "Property"). The Amended Complaint also added three parties which may have an interest in the Property: Defendants Joseph Piskulic, Vogel Estates Subdivision, and the Jefferson County Collector.

In the instant motion, the Government requests that the Court issue a preliminary injunction pursuant to 26 U.S.C. § 7402 enjoining the Jefferson County Collector from selling, auctioning, foreclosing, or otherwise disposing of the Property during the County's August 24, 2020 tax sale. According to its website, the Collector intends to sell the Property at issue in this case due to over $14,000 dollars in unpaid property taxes.

The Government argues that the Court has jurisdiction to enjoin Jefferson County from selling the Property and that the injunction is necessary and appropriate to protect the United States' ability to satisfy outstanding tax liabilities at issue in this case.  The Government asserts that granting the injunction will prevent the adverse consequences of Jefferson County's scheduled auction—specifically, the risk of an "unseemly conflict" regarding title to the Property and unnecessary costs for both the United States and the Court generated from the redemption of the Property and in further litigation to prevent the extinguishment of valid federal tax liens.

The Government provided notice of its request for preliminary injunction to the Jefferson County Collector.  The Collector filed a response on July 27, 2020, consenting to the preliminary injunction.  (Doc. No. 16).  The Government also served its request for preliminary injunction on Defendants Joseph Piskulic and Vogel Estates Subdivision via first class U.S. Mail.  Defendant Piskulic and Defendant Vogel Estates Subdivision have not yet entered the case and have filed no opposition to the motion.  The Court set a deadline of July 31, 2020 for any party to file its opposition to the motion, which deadline has since passed.

## II.  Discussion

"When an injunction is explicitly authorized by statute, proper discretion usually requires its issuance if the prerequisites for the remedy have been demonstrated and the injunction would fulfill the legislative purpose."  *United States v. Stover*, 650 F.3d 1099, 1106 (8th Cir. 2011) (quoting *United States v. White*, 769 F.2d 511, 515 (8th Cir.1985)).  Thus,  "the traditional criteria for permanent injunctive relief need not be discussed" as long as the party has shown it is entitled to relief under the statute.  *Id.* (citing *United States v. Landsberger*, 692 F.2d 501, 503-04 (8th Cir. 1982) (affirming a permanent injunction under 26 U.S.C. §§ 7402 and 7407 without discussing

2

the criteria for a permanent injunction)).  The relevant language of 26 U.S.C. § 7402 states as follows:

> The district courts of the United States at the instance of the United States shall have such jurisdiction to make and issue in civil actions, writs and orders of injunction . . . to render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws.

§ 7402(a).

Here, the Court finds that it has jurisdiction under 26 U.S.C. § 7402 to enjoin the County's sale of the Property.  Further, the Court holds that preventing the County's sale of the Property is both necessary and appropriate to protect the current subject of this federal tax lien enforcement action.  *See United States v. Smith*, No. CIV-15-0113-F, 2016 WL 3573238, at *4 (W.D. Okla. Mar. 23, 2016) (enjoining a county tax sale under § 7402 because "[i]f the county were to attempt to go forward with its tax sale it would cause unnecessary complications and expenses, as well as create an unseemly conflict between state and federal entities").  Having heard no objection, the Court will grant the Government's motion for preliminary injunction.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for preliminary injunction is **GRANTED**.  (Doc. No. 10).  The Jefferson County Collector is enjoined from selling, auctioning, foreclosing, or otherwise disposing of the property located at 1040 Vogel Estates Lane, Arnold, Missouri 63010 in Jefferson County, Missouri during the County's August 24, 2020 tax sale and until further order of the Court.

Dated this 4th day of August 2020.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE